## Joseph Kubis *vs.* The Town of Cornwall.

First Judicial District, Hartford, January Term, 1921.

Wheeler, C. J., Beach, Gager, Curtis and Burpee, Js.

Chapter 178, § 1, of the Public Acts of 1919, re-enacted § 5561 of the General Statutes relating to appeals from justices of the peace, but inserted therein the words printed in italics: " In all civil actions, except summary process, brought before a justice of the peace, *or town, city or borough court, in which damages less than one hundred dollars are demanded,* an appeal from any judgment rendered therein upon any issue . . . may be allowed to either party," etc. The plaintiff brought an action before a justice of the peace claiming exactly $100 damages, and the point at issue was whether an appeal would lie by the defendant, the losing litigant. *Held:*—
1. That it was apparent from the Act itself that the General Assembly did not intend to cut off the right of appeal in all justice cases in which maximum damages of $100 were demanded, regardless of the amount of the judgment which might be rendered.
2. That the evident purpose of the italicized phrase, when taken by itself, was to enlarge and not to diminish the right of appeal.
3. That by disregarding the comma after *"borough court"* in the new legislation, and thus restricting the limiting phrase, *"in which damages less than one hundred dollars are demanded,"* to town, city and borough courts only, the Act would be consistent with itself and in harmony with our law as to the allowance of appeals; and therefore that the Act should receive such a construction,—a result which would preserve the existing law as to appeals from justices of the peace, and also give effect to the evident purpose of the 1919 legislation in conferring a new or additional right of appeal in all actions brought to any town, city or borough court, in which less than $100 damages are demanded.

Punctuation marks may properly be disregarded when they lead to results inconsistent with the apparent intention of the General Assembly as expressed in the statute itself.

Argued January 4th—decided February 21st, 1921.

Appeal by the defendant from a judgment of the Court of Common Pleas in Litchfield County, *Woodruff, J.*, erasing from the docket of that court an appeal to it taken by the defendant from an adverse judgment

of a justice of the peace. *Error; cause to be reinstated on docket.*

*Leonard J. Nickerson,* for the appellant (defendant).

*John T. Hubbard,* for the appellee (plaintiff).

BEACH, J.   In an action before a justice of the peace, claiming $100 damages for injuries caused by a defective highway, the plaintiff Kubis recovered damages. Defendant appealed to the Court of Common Pleas in Litchfield County, where the cause was erased from the docket, on the ground that under Chapter 178 of the Public Acts of 1919, no appeal would lie from the judgment of a justice of the peace in an action wherein exactly $100 is demanded.   The defendant appeals.

Prior to the passage of the Act, appeals from judgments of justice courts were, by § 5561 of the General Statutes, allowed in all civil actions except in summary process.  Such has been our law for fifty years. Public Acts of 1871, Chap. 75.  By the Act of 1919 now in force, § 5561 was amended by inserting in it the phrase italicised in the following quotation.   No other change was made in the statute than by the insertion of this italicised phrase in two places, and by the repeal of the original section.   The material part of the statute now reads as follows: "In all civil actions, except summary process, brought before a justice of the peace, *or town, city or borough court, in which damages less than $100 are demanded,* an appeal from any judgment rendered therein upon any issue, if taken within forty-eight hours after the rendition of such judgment, may be allowed to either party, . . . Sec. 2. Section 5561 of the General Statutes is repealed."

By § 5555, the jurisdiction of justices of the peace extends to all civil actions for legal relief in which the mat-

ter in demand "does not exceed" $100; and therefore the words "less than" $100, in the Act of 1919, if they apply to actions before justices of the peace, cut off the right of appeal in all justice cases in which the maximum damages of $100 are demanded, quite regardless of the amount of the judgment, if any, which may be rendered.

We think it is apparent from the Act itself that such was not the intent of the General Assembly. Looking at the matter from the standpoint of public policy, there is something to be said in favor of the finality of *de minimis* judgments, and prior to 1871 judgments of justice courts for small amounts were not appealable, the limit varying at different times from ten shillings to $35. But no reasonable basis in public policy can be imagined for allowing appeals in all justice cases except when the maximum amount of $100 is demanded, and thus putting the right of appeal in all justice cases wholly under the control of the plaintiff, so that he can by original averment or subsequent amendment determine whether or not he will permit an appeal to be taken.

Moreover, the evident purpose of the inserted phrase, when taken by itself, is to enlarge and not to cut off the right of appeal. Section 5820 already gave a right of appeal directly to the Supreme Court of Errors from the judgment of any city court, irrespective of the amount in controversy; and appeals from town and borough courts are allowed by the charters of their respective municipalities. Section 5583 confirms all rights of appeal so given. What the right of appeal is in any given instance is not important. The point is, that in all actions before city, town, or borough courts, the Act of 1919 creates a limited right of appeal, which is either a new or an additional appeal, as the case may be, to a court having jurisdiction to hear and determine issues of fact.

If the limiting phrase, "in which damages less than $100 are demanded," refers only to actions before town, city or borough courts, the Act is consistent with itself and with the general policy of our law as to the allowance of appeals from the judgments of inferior courts. If it refers also to actions before a justice of the peace, it leads to an inexplicable, inconsistent and absurd result in that particular class of cases.

The grammatical ambiguity is apparent. It arises from the attempt to insert a provision for a limited class of appeals from town, city and borough courts, into a statute which before such insertion gave an unlimited right of appeal from justice courts, except in summary process. As a matter of strict grammatical construction, the question whether the limitation was intended to apply to actions before justices of the peace, depends on the effect to be given to the comma after the words *"borough court."* For the reasons indicated, it seems clear that it was not placed there with any intent to cut off the right of appeal in justice cases in which exactly $100 damages were demanded; but that it was put there in compliance with a rule of punctuation applicable to the new phrase inserted in the old statute.

Applying the familiar rule that punctuation marks may be disregarded when they lead to results inconsistent with the apparent intention of the General Assembly as expressed in the statute itself, we may read the Act as if there were no comma after the words *"borough court." Paquin, Ltd.* v. *Westervelt,* 93 Conn. 513, 515, 106 Atl. 766. Thus the grammatical construction of the Act will conform to its apparent purpose of preserving the right of appeal formerly given by § 5561, "in all actions, except summary process, brought before a justice of the peace," and of giving a new or additional right of appeal in all actions before "a town, city, or borough court, in which damages less than $100 are demanded."

There is error and the cause is remanded to the Court of Common Pleas in Litchfield County with direction to reinstate it on the docket.

In this opinion the other judges concurred.